Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 300-0343
mark@javitchlawoffice.com

Kevin J. Cole (SBN 321555)
William Blair Castle (SBN 354085)
KJC Law Group, A.P.C.
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Tel: (310) 861-7797
kevin@kjclawgroup.com
blair@kjclawgroup.com

*Attorneys for Plaintiff
and the Putative Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN MORGAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MN BEST BUY CO., INC., a Minnesota corporation, <br><br> Defendant. | Case No.: _____ <br><br> **CLASS ACTION COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.     MN Best Buy Co., Inc. ("Best Buy") is one of the nation's largest consumer electronics retailers, operating hundreds of retail stores and a major e-commerce platform at BestBuy.com. Best Buy markets many of its products by displaying two prices

simultaneously: a lower price and a higher reference price labeled "Reg," "Regular," or "Comp. Value." These dual-price displays are designed to convey to consumers that the product ordinarily sells at the higher reference price and that the consumer is receiving a genuine bargain.

2.     In truth, Best Buy's reference prices are illusory. Best Buy routinely advertises "Reg" and "Comp. Value" prices and corresponding "Save" calculations that never reflected the genuine prevailing retail price for the 90 consecutive days immediately preceding the sale, as required by Cal. Bus. & Prof. Code § 17501. These tactics are used not to convey accurate information about a product's market value, but to manufacture the artificial appearance of consumer savings.

3.     Best Buy's deception is particularly brazen with respect to its own private-label brand, Insignia™. Insignia™ products—televisions, tablets, and accessories—are manufactured for and sold exclusively through Best Buy and Amazon.com, which carries them pursuant to a formal co-distribution agreement with Best Buy. No retailer sells Insignia™ products at the "Comp. Value" or "Reg" reference prices Best Buy advertises—the only other channel, Amazon, sells them at approximately Best Buy's own sale price. Yet Best Buy consistently uses those inflated reference prices to imply that consumers are receiving a genuine discount from genuine market values. The "Comp. Value" representations are inherently false because no retailer in the marketplace charges those prices.

4. Plaintiff Lauren Morgan is a California consumer who, in reliance on Best Buy's false reference price representations, purchased two Insignia™ private-label televisions from BestBuy.com on February 8, 2025. She brings this class action on behalf of herself and all similarly situated California consumers to redress Best Buy's systematic violations of California's consumer protection laws.

## PARTIES

5. Plaintiff Lauren Morgan is a natural person and resident of Huntington Beach, California.

6. Defendant MN Best Buy Co., Inc. is a corporation organized under the laws of the State of Minnesota, with its principal place of business at 7601 Penn Avenue South, Richfield, Minnesota 55423. Best Buy is registered to do business in California, operates numerous retail stores throughout California, and actively solicits California consumers through BestBuy.com. Best Buy transacts substantial business within this judicial district. Best Buy's California registered agent is CT Corporation System, 330 N. Brand Blvd., Glendale, CA 91203.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act) because: (a) the putative class consists of more than 100 members; (b) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (c) at least one putative class member is a citizen of a state different from Defendant.

8.　　This Court has personal jurisdiction over Defendant because Best Buy conducts substantial, continuous, and systematic business within this District, including operating retail stores and conducting e-commerce transactions with California consumers.

9.　　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant does business within this District, Plaintiff resides in this District, and a substantial part of the events giving rise to this action occurred within this District. Pursuant to California Civil Code § 1780(d), the Declaration of Lauren Morgan filed herewith as Exhibit A establishes that this action has been commenced in a proper court for Plaintiff's CLRA claims.

## FACTUAL ALLEGATIONS

### A.　California's 90-Day Price Rule

10.　California' Business & Professions Code prohibits the dissemination of any statement concerning goods or services that is untrue or misleading and that the advertiser knows or in the exercise of reasonable care should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500.

11.　Cal. Bus. & Prof. Code § 17501 provides that no price may be advertised as a former price of any product unless that price was the prevailing market price in the locality within the three months immediately preceding the advertisement, or unless the date when that price prevailed is clearly, exactly, and conspicuously stated. Cal. Bus. & Prof. Code § 17501.

12. Under § 17501, a retailer who advertises a "Reg," "Regular," or comparable reference price implicitly represents to consumers that such price was the prevailing market price for the product in the locality during the 90 consecutive days immediately preceding publication of the sale advertisement. If the reference price was not the prevailing market price during that period, the advertisement is false and unlawful under both § 17501 and § 17500.

**B. Best Buy's False Reference Pricing Scheme**

13. In marketing its products on BestBuy.com and in its retail stores, Best Buy routinely employs a three-part deceptive pricing display: (1) a lower, current price; (2) a prominent "Save $X.XX" badge displayed in contrasting color, quantifying the purported savings in dollar terms; and (3) a higher reference price labeled "Reg," "Regular," or "Comp. Value." These three elements appear simultaneously and in immediate proximity on product detail pages, in promotional emails, and in digital advertising materials. The "Save $X.XX" badge is the linchpin of the display: it calculates the gap between the reference price and the sale price into a concrete dollar figure, conveying to the consumer that he or she is realizing a specific, quantifiable financial benefit from the purchase.

14. Best Buy uses the label "Reg" (short for "Regular") to represent to consumers that the lower sale price reflects a reduction from Best Buy's own genuine prevailing retail price.

15.     Best Buy uses the label "Comp. Value" (short for "Comparable Value") to represent to consumers that competing retailers sell the same or comparable goods at the higher "Comp. Value" price.

16.     Best Buy uses the label "Save" to represent to consumers the amount they will "save" based on the difference between the Regular Price and the Current Price.

17.     Best Buy knows, or in the exercise of reasonable care should know, that its "Reg" and "Comp. Value" reference prices, and the calculated "Save" amount, routinely do not satisfy § 17501's requirements. Best Buy's reference prices are systematically inflated figures maintained at artificial levels to manufacture the perpetual appearance of consumer savings, rather than to convey genuine information about a product's market value.

18.     Each "Save $X.XX" amount that Best Buy displays is a mathematical function of the reference price: it is calculated as the arithmetic difference between the fictitious reference price and the sale price. Because the reference price is false, the "Save" amount derived from it is necessarily false as well. Best Buy's "Save" representations are therefore independent false statements concerning the amount of price reductions—actionable in their own right under Cal. Bus. & Prof. Code § 17501 and Civil Code § 1770(a)(13), in addition to the underlying falsity of the reference prices from which they are computed.

19.     The pattern of Best Buy's pricing conduct—with massive claimed "discounts" appearing across numerous product categories on high-traffic promotional

days and at all other times—confirms that the reference prices are not genuine prevailing prices but are instead artificial benchmarks created to inflate perceived consumer savings. This precise scheme—displaying a reference price, a "Save" amount, and a sale price to create the illusion of a discount—is exactly what California courts have recognized as actionable false advertising.

**C.      The Insignia™ Private-Label Problem**

20.     Best Buy sells a private-label brand of consumer electronics under the Insignia™ trademark. Insignia™ products—including televisions, tablets, and accessories—are manufactured for and sold exclusively through Best Buy and Amazon.com pursuant to a formal co-distribution agreement. Insignia™ products are not available through any independent competing retailer in the United States.

21.     When Best Buy advertises a "Comp. Value" or "Reg" price for an Insignia™ product, it represents to consumers that competing retailers sell comparable goods at the higher reference price, or that Best Buy itself previously sold the product at that price as its genuine prevailing retail price. Both representations are false. Insignia™ F50 Series televisions are available through only one other retailer—Amazon.com—and Amazon sells them at approximately the same transactional price as Best Buy's own "sale" price, not at the "Comp. Value" reference price. Furthermore, the identical reference figures ($899.99 and $599.99) that Best Buy labels "Comp. Value" also appear on Amazon's listings as the products' purported "list price"—confirming that these figures are a shared fictional MSRP that no retailer actually charges. Critically, Amazon

is not an independent arm's-length competitor from whom a genuine "Comp. Value" could be derived: Best Buy and Amazon have a formal co-distribution agreement for Insignia™ products, under which Amazon serves as an additional distribution channel for Best Buy's proprietary brand. The "Comp. Value" reference price therefore reflects neither a genuine price charged by independent competing retailers nor a genuine former price charged by Best Buy.

**D.     Plaintiff's Purchase**

22.     On or about February 8, 2025, Plaintiff Lauren Morgan placed an order on BestBuy.com (Order No. BBY01-807029294194), purchasing two Insignia™ private-label televisions each advertised using Best Buy's three-part pricing display. At the time of purchase, Best Buy's website displayed the sale price, a prominent "Save $X.XX" badge, and the higher "Reg" reference price in immediate proximity, creating the strong impression that each television was being sold at a substantial discount from its genuine market value. Plaintiff relied on this display in deciding to purchase. The two products and their advertised prices were as follows:

(a)     Insignia™ 85" Class F50 Series LED 4K UHD Smart Fire TV (SKU 6583974): sale price $629.99; "Save $270.00"; "Reg $899.99"; and

(b)     Insignia™ 75" Class F50 Series LED 4K UHD Smart Fire TV (SKU 6580447): sale price $449.99; "Save $150.00"; "Reg $599.99."



*Fig. 1: BestBuy.com order confirmation — Insignia™ 85" and 75" F50 Series 4K UHD Smart Fire TVs, Order No. BBY01-807029294194 (Feb. 8, 2025): both products showing sale price, "Save" badge, and "Reg" reference price*

23.    Both televisions are Insignia™ private-label products distributed exclusively through Best Buy and Amazon.com pursuant to a formal co-distribution agreement. Best Buy sets all pricing for Insignia™ products. The "Reg" prices of $899.99 and $599.99 advertised at the time of Plaintiff's purchase were not the genuine prevailing retail prices for these products during the 90 consecutive days preceding February 8, 2025.

24.    The fictitious nature of Best Buy's reference prices is confirmed by two independent lines of evidence. First, BestBuy.com's current listings, captured as of April 3, 2026—more than fourteen months after Plaintiff's purchase—continue to advertise the Insignia™ F50 Series 85" television at $599.99 with a "Save $300" badge and a "Comp. Value: $899.99" reference price, and the Insignia™ F50 Series 75" television at $399.99 with a "Save $200" badge and a "Comp. Value: $599.99" reference price. The "Comp. Value" figures have not moved a single dollar in fourteen months, even as the actual sale prices have decreased (the 85" from $629.99 to $599.99, and the 75" from $449.99 to

$399.99) and the "Save" amounts have correspondingly increased. A price that does not move for fourteen months while actual transaction prices fall is not a "prevailing market price" under § 17501—it is a permanent fictional anchor. The appearance of the same fictitious reference price on both platforms confirms that $899.99 and $599.99 are a coordinated, manufacturer-set MSRP that no retailer in the market has ever honored as a genuine selling price.



*Fig. 2: BestBuy.com current listing — Insignia™ 85" Class F50 Series LED 4K UHD Smart Fire TV (as of Apr. 3, 2026): $599.99 / Save $300 / Comp. Value $899.99*



*Fig. 3: BestBuy.com current listing — Insignia™ 75" Class F50 Series LED 4K UHD Smart Fire TV (as of Apr. 3, 2026): $399.99 / Save $200 / Comp. Value $599.99*

25.     In the transaction described above, Plaintiff was exposed to and reviewed Best Buy's three-part pricing display—including the "Save" badge, the "Reg" reference price, and the sale price. Plaintiff relied on both the "Reg" reference price representations and the corresponding "Save" amounts as genuine indicators of the discount she was receiving, and was thereby induced to purchase, believing she was obtaining meaningful savings from legitimate prevailing prices.

26.     Had Plaintiff known that Best Buy's "Reg" reference prices of $899.99 and $599.99 were false and did not comply with Cal. Bus. & Prof. Code § 17501, and that the "Save $270.00" and "Save $150.00" amounts derived from those false reference prices were equally fictitious, she would not have purchased the televisions at the prices paid, or would not have purchased them at all.

27.     Plaintiff desires to purchase consumer electronics products from Best Buy in the future, including Insignia™-branded products and other products sold through BestBuy.com and Best Buy's retail stores. As documented above, Best Buy continues to this day to display fictitious "Comp. Value" reference prices and false "Save" amounts on the very products at issue in this litigation, and applies the same false reference pricing practices across its entire product catalog. Plaintiff cannot rely on any "Reg," "Regular," or "Comp. Value" reference price, or any corresponding "Save $X.XX" badge, displayed by Best Buy, because she has no means of determining whether any such price reflects a genuine prevailing market price or is simply another fictitious anchor maintained to manufacture the appearance of a discount. Plaintiff is therefore currently deterred from

purchasing Best Buy products she would otherwise buy, because she cannot trust Best Buy's pricing representations and risks being deceived again in the same manner.

**E.    Best Buy's Systematic Pattern of False Reference Pricing**

28.    Best Buy's false reference pricing is not limited to the specific products purchased by Plaintiff. Best Buy routinely advertises inflated "Reg" and "Comp. Value" prices across its entire product catalog—including televisions, tablets, laptops, audio equipment, appliances, and accessories—that do not satisfy § 17501's requirements.

## CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and 23(b)(3) on behalf of herself and the following class (the "Class"):

> All persons in the State of California who, within the applicable statute of limitations period, purchased one or more products from Best Buy at BestBuy.com or at a California retail store location that was advertised with a "Reg," "Regular," "Save $X.XX" or "Comp. Value" reference price

30.    Excluded from the Class are: (a) Best Buy and its current officers, directors, employees, agents, and affiliates; (b) the Court and its staff; and (c) any person who has previously executed a release of Best Buy with respect to the claims at issue in this litigation.

31.    Numerosity. The Class is so numerous that joinder of all members is impracticable. Best Buy operates numerous retail stores throughout California and serves

millions of California consumers through BestBuy.com. The Class consists of hundreds of thousands, if not millions, of persons.

32.    Commonality. There are questions of law and fact common to the Class that predominate over any questions affecting only individual members, including: (a) whether Best Buy's "Reg" reference prices reflected the genuine prevailing market prices in the locality during the 90 days preceding their publication, as required by § 17501; (b) whether Best Buy's "Comp. Value" prices products reflected genuine prices charged by competing retailers for goods of like grade and quality; (c) whether Best Buy's "Save $X.XX" displays are independently false statements of fact concerning the amounts of price reductions; (d) whether Best Buy's conduct constitutes false advertising under § 17500, unfair competition under § 17200, and violations of the CLRA; (e) whether Plaintiff and Class members are entitled to restitution, actual damages, injunctive relief, and/or punitive damages; and (f) the appropriate measure and method of calculating relief.

33.    Typicality. Plaintiff's claims are typical of those of the Class. Plaintiff and all Class members purchased Best Buy products advertised with false reference prices and false "Save" amounts in violation of § 17501, and suffered the same type of economic injury—purchasing products at prices artificially inflated by the false impression of a substantial discount.

34.    Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are antagonistic to or in conflict with those of the

Class, and has retained counsel experienced in consumer protection class action litigation.

35.    Predominance and Superiority. Common questions of law and fact predominate over individual questions. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because: (a) individual class members generally lack the financial resources to prosecute individual actions against a national retailer of Best Buy's size; (b) individual damages are modest relative to the burden and expense of individual litigation; (c) class treatment avoids inconsistent or varying adjudications; and (d) concentrating litigation in a single forum promotes judicial efficiency and consistent application of California consumer protection law.

## CAUSES OF ACTION

### COUNT I
**Cal. Bus. & Prof. Code §§ 17500 et seq.**
**(False Advertising Law)**
**(On Behalf of Plaintiff and the Class)**

36.    Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

37.    Cal. Bus. & Prof. Code § 17500 prohibits the dissemination of any statement concerning goods or services that is untrue or misleading.

38.    Cal. Bus. & Prof. Code § 17501 provides that no price may be advertised as a former price unless it was the prevailing market price.

39.    Best Buy's dissemination of "Reg" and "Comp. Value" reference prices that did not comply with § 17501 constitutes the making and dissemination of statements that

are untrue and misleading within the meaning of § 17500. Best Buy's corresponding "Save $X.XX" representations, which are derived arithmetically from those false reference prices, are themselves independently untrue and misleading statements concerning the amount of the price reduction, in violation of § 17500.

40.     Best Buy knew, or in the exercise of reasonable care should have known, that its reference price representations and corresponding "Save" amounts were untrue and misleading.

41.     Plaintiff and Class members were harmed by Best Buy's false advertising. They paid more for products than they would have paid absent Best Buy's deceptive reference pricing and "Save" representations.

42.     Pursuant to Business & Professions Code § 17535, Plaintiff and the Class are entitled to injunctive relief and restitution of all monies paid as a result of Best Buy's false advertising.

**COUNT II**
**Cal. Bus. & Prof. §§ 17200 et seq.**
**(Unfair Competition Law)**
**(On Behalf of Plaintiff and the Class)**

43.     Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

44.     Cal. Bus. & Prof. Code § 17200 prohibits any unlawful business act or practice, and expressly incorporates any act prohibited by the False Advertising Law, Business & Professions Code §§ 17500 et seq. Cal. Bus. & Prof. Code § 17200.

45. Best Buy's false reference pricing and false "Save" representations violate Business & Professions Code §§ 17500 and 17501, as alleged above. Each such violation constitutes an "unlawful" business act or practice under § 17200.

46. As a result of Best Buy's violations of § 17200, Plaintiff and Class members have suffered injury in fact and lost money or property. Plaintiff and the Class are entitled to injunctive relief and restitution pursuant to Business & Professions Code § 17203.

## COUNT III
### Consumers Legal Remedies Act
### California Civil Code §§ 1750 et seq.
### (On Behalf of Plaintiff and the Class)

47. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

48. The products at issue are "goods" within the meaning of California Civil Code § 1761(a), and Plaintiff and Class members are "consumers" within the meaning of Civil Code § 1761(d).

49. California Civil Code § 1770(a)(13) declares unlawful "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(13).

50. Best Buy's representations that its products were being sold at prices discounted from "Reg" or "Comp. Value" reference prices constitute false or misleading statements of fact concerning the existence and amounts of price reductions, in violation of Civil Code § 1770(a)(13). Best Buy's reference price representations for Insignia™ products—which are sold exclusively by Best Buy and carry no legitimate comparable

retail price—are false on their face. Further, Best Buy's "Save $X.XX" representations are themselves false or misleading statements of fact concerning the amount of the price reduction, because they are calculated from fictitious reference prices and therefore overstate the actual savings.

51.    California Civil Code § 1770(a)(9) declares unlawful "[a]dvertising goods or services with intent not to sell them as advertised." Cal. Civ. Code § 1770(a)(9).

52.    Best Buy advertises its products at "Reg" and "Comp. Value" reference prices with no intent to sell them at those prices. The continuing pricing history described above—the same reference prices maintained for over fourteen months through multiple label changes while actual sale prices fell—confirms that these reference prices have never been genuine transactional prices. This constitutes advertising goods with intent not to sell them as advertised, in violation of § 1770(a)(9).

53.    Plaintiff and Class members relied on Best Buy's false and misleading representations under §§ 1770(a)(9) and (a)(13), and were thereby induced to purchase products they would not have purchased, or would not have purchased at the prices paid, absent those representations.

54.    Best Buy's conduct was willful and knowing. Best Buy is well aware of its pricing practices, California's 90-day price rule, and the effect of its false reference price and "Save" representations on consumers.

55.    Pursuant to California Civil Code § 1782(a), on April 6, 2026, Plaintiff sent via certified mail to Best Buy written notice of the violations alleged herein and a

demand for correction. A true and correct copy of the CLRA notice letter is attached hereto as Exhibit B and incorporated herein by reference.

56. Plaintiff and Class members currently seek injunctive relief under the CLRA. Should Defendant refuse to make the correction demanded by Plaintiff within the statutory timeframe, upon amendment of the Complaint, Plaintiff will also seek actual damages, restitution, punitive damages, injunctive relief, and attorneys' fees and costs pursuant to California Civil Code § 1780.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lauren Morgan, individually and on behalf of the Class, prays for judgment against Defendant MN Best Buy Co., Inc. as follows:

A. An order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and/or 23(b)(3), appointing Plaintiff Lauren Morgan as Class Representative, and appointing Plaintiff's counsel as Class Counsel;

B. A declaration that Best Buy's "Reg" and "Comp. Value" reference pricing practices and corresponding "Save" representations violate Cal. Bus. & Prof. Code §§ 17500 and 17501, Cal. Bus. & Prof. Code § 17200, and California Civil Code §§ 1770(a)(9) and (a)(13);

C. A permanent injunction pursuant to Business & Professions Code § 17535, Business & Professions Code § 17203, and Civil Code § 1780(a)(2), ordering Best Buy to: (i) cease displaying any "Reg," "Regular," or "Comp. Value" reference price that does not comply with Cal. Bus. & Prof. Code § 17501; (ii) cease

displaying any "Save $X.XX" amount calculated from a non-compliant reference price; and (iii) cease advertising any "Comp. Value" or "Reg" price for any Insignia™-branded product. Plaintiff has standing to seek this prospective relief because she desires to purchase Best Buy products in the future but is currently deterred from doing so because she cannot rely on Best Buy's pricing representations.

D. An award of restitution to Plaintiff and the Class of all monies paid as a result of Best Buy's false and deceptive reference pricing;

E. An award of actual damages and punitive damages under the Consumers Legal Remedies Act, California Civil Code §§ 1750 et seq.;

F. Pre- and post-judgment interest at the maximum legal rate;

G. An award of attorneys' fees and costs pursuant to California Civil Code § 1780, California Code of Civil Procedure § 1021.5, and any other applicable provision; and

H. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: April 6, 2026

Respectfully submitted,

JAVITCH LAW OFFICE

By: /s/ Mark L. Javitch
Mark L. Javitch (SBN 323729)

3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Tel: (650) 781-8000
mark@javitchlawoffice.com

KJC LAW GROUP, A.P.C.

By: /s/ Kevin J. Cole
Kevin J. Cole (SBN 321555)
By: /s/ William Blair Castle
William Blair Castle (SBN 354085)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Tel: (310) 861-7797
kevin@kjclawgroup.com
blair@kjclawgroup.com

Attorney for Plaintiff
and the Putative Class

**EXHIBIT A**

**DECLARATION OF LAUREN MORGAN IN SUPPORT OF VENUE
PURSUANT TO CALIFORNIA CIVIL CODE § 1780(d)**

I, Lauren Morgan, declare as follows:

1.      I am the Plaintiff in the above-captioned action. I have personal knowledge of the facts stated herein and could competently testify thereto if called as a witness.

2.      I reside in Huntington Beach, California, which is located within the Central District of California.

3.      Pursuant to California Civil Code § 1780(d), I submit this declaration in support of the commencement of this action in the United States District Court for the Central District of California.

4.      This action has been commenced in the proper court. I reside in Huntington Beach, California, within the Central District of California. Defendant Best Buy Co., Inc. transacts substantial business within this District, including operating retail stores and conducting e-commerce transactions with California consumers residing in this District. The transactions giving rise to this action—online purchases made through BestBuy.com—were initiated and completed within this District.

5.      The products purchased in the transactions described in the Complaint are "goods" as defined by California Civil Code § 1761(a), and I am a "consumer" as defined by California Civil Code § 1761(d). I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        I swear under penalty of perjury that the foregoing is correct. Executed at Huntington Beach, California on this 2nd day of April, 2026.

Lauren Morgan

**EXHIBIT B**

**NOTICE OF VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT AND DEMAND FOR CORRECTION (Cal. Civ. Code § 1782(a))**

Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
mark@javitchlawoffice.com

April 6, 2026

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**U.S.P.S. Tracking No. 9414 8362 0830 3275 3259 37**

MN Best Buy Co., Inc.
CT Corporation System
330 N. Brand Blvd.
Glendale, CA 91203

      **Re:**   Notice of Violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq., and Demand for Correction

Dear Sir or Madam:

This firm represents Lauren Morgan ("Ms. Morgan"), a California consumer. Pursuant to California Civil Code § 1782(a), this letter constitutes written notice that MN Best Buy Co., Inc. ("Best Buy") has violated the California Consumers Legal Remedies Act ("CLRA"), California Civil Code §§ 1750 et seq., and a formal demand that Best Buy correct those violations within thirty (30) days of receipt.

**I.**    **TRANSACTION AT ISSUE**

On or about February 8, 2025, Ms. Morgan purchased the following two Insignia™ private-label televisions from BestBuy.com (Order No. BBY01-807029294194), each advertised using Best Buy's three-part pricing display consisting of a sale price, a "Save $X.XX" badge, and a "Reg" reference price:

    (a) Insignia™ 85" Class F50 Series LED 4K UHD Smart Fire TV (SKU 6583974): sale price $629.99; "Save $270.00"; "Reg $899.99"; and

(b)  Insignia™ 75" Class F50 Series LED 4K UHD Smart Fire TV (SKU 6580447): sale price $449.99; "Save $150.00"; "Reg $599.99."

As of the date of this letter, BestBuy.com continues to advertise the Insignia™ F50 Series 85" and 75" televisions with identical "Comp. Value" reference prices of $899.99 and $599.99, respectively—the same figures advertised as "Reg" prices at the time of Ms. Morgan's purchase more than fourteen months ago. The actual sale prices have decreased during this period (to $599.99 and $399.99, respectively), while the reference prices have not moved by a single dollar.

## II.    VIOLATIONS OF THE CLRA

### A.  Civil Code § 1770(a)(13) — False or Misleading Price Reduction Statements

California Civil Code § 1770(a)(13) declares unlawful "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Best Buy violated this provision in two independent respects. First, Best Buy advertised "Reg" reference prices of $899.99 and $599.99 that were not the genuine prevailing market prices for these products in the locality during the 90 consecutive days preceding the sale, as required by Cal. Bus. & Prof. Code § 17501. Both products are Insignia™ private-label items available only through Best Buy and Amazon.com; Amazon sells them at approximately Best Buy's sale price—not the "Comp. Value" or "Reg" reference prices—and no retailer has ever sold these products at those reference prices as a genuine transactional price. The identical persistence of those reference prices for fourteen-plus months confirms they are permanent fictional anchors, not genuine prevailing market prices. Second, Best Buy's "Save $270.00" and "Save $150.00" representations are themselves false or misleading statements of fact concerning the amounts of price reductions, because they are calculated from fictitious reference prices and overstate the actual savings by the full margin of the reference price inflation.

### B.  Civil Code § 1770(a)(9) — Advertising Goods with Intent Not to Sell as Advertised

California Civil Code § 1770(a)(9) declares unlawful "[a]dvertising goods or services with intent not to sell them as advertised." Best Buy has never sold these Insignia™ televisions at the advertised "Reg" or "Comp. Value" reference prices as genuine selling prices. Those prices exist solely to create the artificial appearance of consumer savings, and Best Buy has no intent to transact at those prices, in violation of § 1770(a)(9).

## III.    DEMAND FOR CORRECTION

Pursuant to California Civil Code § 1782(a), Ms. Morgan demands that Best Buy, within thirty (30) days of receipt of this letter:

1.  Cease and desist from advertising "Reg," "Regular," and "Comp. Value" reference prices on BestBuy.com and in all California retail stores that do not comply with Cal. Bus. & Prof. Code § 17501;

2.  Cease and desist from advertising any "Comp. Value" or "Reg" price for any Insignia™-branded product, as no retailer—including Amazon, the only other channel carrying these products—sells them at those reference prices as genuine transactional prices, and those figures therefore cannot constitute a valid prevailing market price or comparable value under Cal. Bus. & Prof. Code § 17501;

3.  Provide full restitution to Ms. Morgan of the price premium paid in connection with the February 8, 2025 transaction identified above; and

4.  Identify all other California consumers subject to the same false reference pricing practices and provide them with appropriate corrective notice and restitution.

If Best Buy fails to correct these violations within thirty (30) days, Ms. Morgan will seek actual damages, punitive damages, injunctive relief, attorneys' fees, and all other relief available under the CLRA and applicable California law.

This letter is sent without waiver of any claim, defense, or right, all of which are expressly reserved.

Sincerely,

/s/ Mark L. Javitch
Mark L. Javitch
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
mark@javitchlawoffice.com

Attorney for Lauren Morgan